IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

W. L. GORE & ASSOCIATES, INC. and )
GORE ENTERPRISE HOLDINGS, INC., )
                                )
    Plaintiffs,                 )
                                ) C.A. No. 08-111 (GMS)
v.                              )
                                )
VALEO-SYLVANIA L.L.C. and LABEL )
TECHNOLOGIES, INC.,             )
                                )
    Defendants.                 )

**OPENING BRIEF IN SUPPORT OF DEFENDANT LABEL TECHNOLOGIES, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

OF COUNSEL:

John A. Kenney
Michael D. McClintock
Charles L. McLawhorn, III
McAfee & Taft
Two Leadership Square, 10th Floor
211 North Robinson
Oklahoma City, Oklahoma 73102

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger PA
One Rodney Square
Post Office Box 551
Wilmington, Delaware 19801
Phone: (302) 651-7700
cottrell@rlf.com
gaza@rlf.com

Dated: April 16, 2008

*Attorneys for Defendant Label Technologies, Inc*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ................................................................................................................. 1

NATURE AND STAGE OF PROCEEDING ........................................................................ 1

SUMMARY OF ARGUMENT .............................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT .......................................................................................................................... 5

    I.    STANDARD FOR MOTION TO DISMISS BASED ON LACK OF
         PERSONAL JURISDICTION .......................................................................... 5

    II.   PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION
         OVER LTI UNDER DELAWARE'S LONG ARM STATUTE ....................... 5

    III.  THE COURT'S EXERCISE OF PERSONAL JURISDICTION OVER
         LTI WOULD NOT COMPORT WITH DUE PROCESS .............................. 8

         A.   There Are No Facts to Support Specific Jurisdiction Over LTI ............ 8

         B.   LTI Is Not Subject To Personal Jurisdiction Under A "Stream
             of Commerce" Theory Of Specific Jurisdiction ..................................... 9

    IV.  LTI DOES NOT HAVE "CONTINUOUS AND SYSTEMATIC"
         CONTACTS WITH DELAWARE NECESSARY TO ESTABLISH
         GENERAL JURISDICTION ........................................................................... 11

CONCLUSION ...................................................................................................................... 14

# **TABLE OF AUTHORITIES**

## **CASES**

*Adell Corp. v. Elco Textron, Inc.*,
51 F. Supp. 2d 752 (N.D. Tex. 1999) ............................................................................. 10

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
772 F. Supp. 1458 (D. Del. 1991) .................................................................................... 7

*Asahi Metal Indus. Co. v. Superior Court*,
480 U.S. 102 (1987) ......................................................................................................... 5

*Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.*,
295 F. Supp. 2d 400 (D. Del. 2002) ................................................................................. 5

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
21 F.3d 1558 (Fed. Cir. 1994) ........................................................................................ 10

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ..................................................................................................... 5, 8

*Cree, Inc. v. Bridgelux, Inc.*,
2007 WL 3010532 (M.D.N.C. July 5, 2007) ................................................................. 10

*Davlyn Mfg. Co. v. H&M Auto Parts, Inc.*,
414 F. Supp. 2d 523 (E.D. Pa. 2005) ............................................................................. 10

*Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*,
62 Fed. Appx. 322, 336-37 (Fed. Cir. 2003) .......................................................... 7, 9, 12

*Hildebrand v. Steck Mfg. Co.*,
279 F.3d 1351 (Fed. Cir. 2002) ........................................................................................ 8

*Intel Corp. v. Silicon Storage Tech., Inc.*,
20 F. Supp. 2d 690 (D. Del. 1998) ................................................................................... 6

*Parker v. Learn the Skills Corp.*,
530 F. Supp. 2d 661 (D. Del. 2008) ................................................................................. 5

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
148 F.3d 1355 (Fed. Cir. 1998) ...................................................................................... 11

*Telcordia Techs., Inc. v. Alcatel S.A.*,
2005 WL 1268061 (D. Del. May 27, 2005) .................................................................... 6

*U.S. v. Consol. Rail Corp.*,
674 F. Supp. 138 (D. Del. 1987) ................................................................................. 11

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980) ................................................................................................ 9, 10

## STATUTES

10 *Del. C.* §3104 (c) .................................................................................................. 5, 7

## INTRODUCTION

Label Technologies, Inc.'s ("LTI") motion to dismiss for lack of personal jurisdiction should be granted because LTI does not have sufficient minimum contacts with Delaware to satisfy Delaware's long-arm statute or the due process requirements of the United State Constitution.

## NATURE AND STAGE OF PROCEEDING

On February 22, 2008, Plaintiffs W. L. Gore & Associates, Inc. and Gore Enterprise Holdings, Inc. (collectively, "Plaintiffs") filed this action alleging infringement of Plaintiffs' U.S. Patent No. 6,210,014 B1 (the "'014 Patent") against Valeo-Sylvania L.L.C. ("Valeo") and LTI. Plaintiffs' claims against LTI were for inducing the infringement of and/or contributorily infringing the '014 Patent. LTI's date to respond to Plaintiffs' Complaint was extended to April 16, 2008 by Order of the Court dated March 24, 2008. LTI now moves to be dismissed from this action for lack of personal jurisdiction.

## SUMMARY OF ARGUMENT

LTI seeks dismissal for lack of personal jurisdiction under Delaware's long-arm statute and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Plaintiffs fail to allege any facts to support of finding of personal jurisdiction under either a general jurisdiction or a specific jurisdiction theory. LTI is a Georgia corporation that has absolutely no contacts with Delaware and, therefore, LTI should be dismissed from this action due to a lack of personal jurisdiction.

## STATEMENT OF FACTS

LTI is a Georgia corporation with its principal place of business in Suwanee, Georgia. Declaration of Brian Tapp[1] ("Tapp Decl.") at ¶2 attached as Exhibit "1". LTI is a specialty manufacturer that manufactures and sells, among other things, automotive lamp venting products. Tapp Decl., ¶3.

In this action, Plaintiffs allege that LTI is inducing the infringement of and/or contributorily infringing Plaintiffs' '014 Patent by making, using, selling and/ or offering for sale vents for incorporation in motor vehicle lamps that are covered by the '014 Patent, including LTI's Yellow-76 vents. Complaint, ¶16 (D.I. #1). LTI's Yellow-76 vents are manufactured in Suwanee, Georgia. Tapp Decl., ¶8. LTI's Yellow-76 vents are sold to automotive lamp manufacturers for use as a component part in automotive lamps. Tapp Decl., ¶5. The automotive lamps are then sold to automotive manufacturers for use in various types of automobiles. Tapp Decl., ¶5. The Yellow-76 vents have no other purpose other than for use as component parts in automobile lamps. Tapp Decl., ¶5.

Plaintiffs further allege claims of patent infringement against Valeo-Sylvania, L.L.C. ("Valeo") for making, using, selling and/or offering for sale motor vehicle lamps that are covered by the '014 Patent, including lamps that incorporate LTI's Yellow-76 vents. Complaint, ¶11 (D.I #1).[2] All products manufactured by LTI and sold to Valeo are delivered to Valeo in the state of Indiana. Tapp Decl., ¶7. LTI has never sold or shipped to Valeo any products to or in Delaware. Tapp Decl., ¶7. LTI has never sold its Yellow-76 vents to any automotive lamp

---

[1] The Declaration of Brian Tapp, dated April 16, 2008, is referenced herein as "Tapp. Decl., ¶ _____" and contemporaneously filed herewith.

[2] While Plaintiffs may have jurisdiction over Valeo, Plaintiffs have not yet served Valeo with the Complaint.

manufacturers in Delaware. Tapp Decl., ¶8. LTI has never sold its Yellow-76 vents in Delaware or shipped any such products to Delaware. Tapp Decl., ¶8.

In addition, LTI does not have any contacts with Delaware to support a finding of general personal jurisdiction as demonstrated by the following facts:

- LTI has never employed any officers, employees or agents in Delaware except for an attorney in connection with his defense of the claims related to this litigation. Tapp Decl., ¶9.

- LTI has never sold any products to any distributor or individual in Delaware. Tapp Decl., ¶10.

- LTI has never directly shipped any products to Delaware. Tapp Decl., ¶11.

- LTI has never targeted any advertising to Delaware. Tapp Decl., ¶12.

- LTI has never been licensed to do business in Delaware. Tapp Decl., ¶13.

- LTI has no plans to specifically target Delaware customers. Tapp Decl., ¶14.

- LTI has never had an agent for service of process in Delaware. Tapp Decl., ¶15.

- LTI has not entered into any contracts in Delaware. Tapp Decl., ¶16.

- LTI has never leased or owned property in Delaware. Tapp Decl., ¶17.

- LTI has never maintained in office, facility or telephone listing in Delaware. Tapp Decl., ¶18.

- LTI has never had a bank account in Delaware. Tapp Decl., ¶19.

- LTI maintains a website at www.ltiatlanta.com available to anyone with access to the World Wide Web. The website does not allow for product ordering and is merely an informational website for LTI and its products. Tapp Decl., ¶20.

- LTI has never paid any taxes or franchise fees in Delaware. Tapp Decl., ¶21.

Finally, LTI has never purposely directed any action towards Delaware and it could not reasonably foresee that it would be haled into a Delaware court. Tapp Decl., ¶22.

# ARGUMENT

## I. STANDARD FOR MOTION TO DISMISS BASED ON LACK OF PERSONAL JURISDICTION.

Two requirements must be satisfied for personal jurisdiction to exist over a defendant. *Parker v. Learn the Skills Corp*, 530 F. Supp. 2d 661, 669 (D. Del. 2008). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id.* (citing Fed.R.Civ.P. 4(e)). Therefore, the Court must determine whether there is a statutory basis for jurisdiction under Delaware's long-arm statute, which is 10 *Del. C.* §3104(c). *Id.* "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the court must determine if an exercise of jurisdiction violates [defendant's] constitutional right to due process." *Id.*

"Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction." *Id.* at 670; *Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 403 (D. Del. 2002). These minimum contacts must be based on "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)).

## II. PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION OVER LTI UNDER DELAWARE'S LONG ARM STATUTE.

Plaintiffs have not alleged any conduct which would satisfy the requirements of Delaware's long-arm statute. 10 *Del. C.* §3104(c) states:

A court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if person regularly does or solicits business, engages in any other persistent course of conduct in the State or derive substantial revenue from services, or things used or consumed in the State;
>
> (5) Has an interest in, uses or possess real property in the State; or
>
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

The Delaware Supreme Court has interpreted subsections (c)(1) and (c)(3) as specific jurisdiction provisions that require a nexus between the plaintiff's cause of action and the conduct of the defendant that is used as a basis for jurisdiction. *Telcordia Techs., Inc. v. Alcatel S.A.*, 2005 WL 1268061, at *2 (D. Del. May 27, 2005) (citing *LaNuova D & B, S.p.A. v. Browe Co.*, 513 A.2d 764, 768 (Del. 1986). To satisfy these subsections, LTI's action must be directed at the residents of Delaware and the protection of Delaware laws. *Id.* (citing *Thorn EMI N. Am. Inc. v. Micron Tech., Inc.*, 821 F. Supp. 272, 274 (D. Del. 1993).

10 *Del. C.* §3104(c)(1) is not applicable here because LTI has not transacted any business in Delaware. In *Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F. Supp. 2d 690, 695-98 (D. Del. 1998), this Court held that the defendant was not transacting business in Delaware when the defendant sent a data book to a Delaware resident but did not sell its allegedly infringing product in Delaware, did not specifically direct advertisements to Delaware residents, and did not have a general business plan to solicit business in Delaware. Likewise, LTI has not sold any products in Delaware, has not shipped products to Delaware, has not targeted advertisements to

Delaware, and has no plans to solicit business from Delaware. Tapp Decl., ¶¶8,10-14, 16. Consequently, LTI does not satisfy the "transacting business" requirement in 10 *Del. C.* §3104(c)(1).

Similarly, LTI is not subject to long-arm jurisdiction under 10 *Del. C.* §3104(c)(3) because LTI has not caused tortious injury in Delaware. As discussed below, LTI is not subject to specific jurisdiction in Delaware because it has not sold any Yellow-76 vents in Delaware. Tapp. Decl., ¶¶8, 10, 11. This lack of sales in Delaware negates a finding of specific jurisdiction necessary to satisfy 10 *Del. C.* §3104(c)(3). *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed.Appx. 322, 336-37 (Fed. Cir. 2003).

In addition, LTI does not meet any of the requirements of the Delaware long-arm statute in 10 *Del. C.* §§3104(c)(2),(5), or (6). LTI has never entered into any contracts in Delaware and has never sold any products in Delaware, including its Yellow-76 vents; consequently, 10 *Del. C.* §3104(c)(2) does not apply. Tapp. Decl., ¶¶8,10,11,16. LTI is not subject to long-arm jurisdiction under 10 *Del. C.* §3104(c)(5) because LTI does not lease or own any property in Delaware. Tapp Decl., ¶17. LTI is a manufacturer not an insurance company; thus, 10 *Del. C.* §3104(c)(6) is not relevant to LTI's personal jurisdiction inquiry.

10 *Del. C.* §3104(c)(4) requires: (1) "that the defendant or its agent is generally present in the State"; and (2) that "the defendant or its agent 'regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.'" *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1469 (D. Del. 1991). In *Applied Biosystems,* this Court held that this long-arm statute did not apply even though the defendant mailed samples of the allegedly infringing product to Delaware, conducted a meeting in Delaware, and obtained financing from Delaware sources. *Id.* at 1466-69.

LTI has no contacts with Delaware and, thus, Delaware's long-arm statute is not met.

Based on the foregoing, it is clear that LTI does not have any contacts with Delaware to satisfy Delaware's long-arm statute.

## III. THE COURT'S EXERCISE OF PERSONAL JURISDICTION OVER LTI WOULD NOT COMPORT WITH DUE PROCESS.

Plaintiffs' Complaint does not allege any basis for personal jurisdiction over LTI. The Complaint only alleges that the Court has subject matter jurisdiction over this action and that venue is proper in this Court. Complaint, ¶¶7-8 (D.I. #1). Since this is a patent infringement case, Federal Circuit law governs whether subjecting LTI to personal jurisdiction in Delaware comports with due process. *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002).

### A. There Are No Facts to Support Specific Jurisdiction Over LTI.

To meet their burden of proof to establish specific jurisdiction, Plaintiffs must establish that the action arises out of LTI's contacts with the forum and must present specific evidence that: (1) LTI "purposefully directed his activities at residents of the forum" to create a "substantial connection" with the forum; (2) the litigation results from alleged injuries that "arise out of or relate to" those activities; and, (3) "[t]he assertion of personal jurisdiction would comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-477 (1985). There are simply no such facts in this case.

LTI has never sold its Yellow-76 vents in Delaware and never shipped any of these products to Delaware. Tapp, Decl., ¶8. Since these products are the allegedly infringing products at issue in this lawsuit, specific jurisdiction does not exist. In addition, LTI does not conduct any business in Delaware and does not sell any products in Delaware. Tapp Decl., ¶¶9-21. LTI has not purposefully directed any action towards Delaware. Tapp Decl., ¶22. Accordingly, LTI's

- 8 -

absence of contact with Delaware cannot amount to patent infringement occurring in Delaware to allow for specific jurisdiction over LTI.

Furthermore, LTI is not subject to specific jurisdiction in Delaware by virtue of its relationship with Valeo. Plaintiffs allege that LTI has induced infringement of the '014 Patent and contributed to infringement of the '014 Patent due to its Yellow-76 vents. These products are sold and used by Valeo; however, all LTI products sold to Valeo are shipped to Valeo in Indiana. Tapp Decl., ¶7.

In *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed.Appx. 322, 323 (Fed. Cir. 2003), a patentee brought an infringement action against a seller of the allegedly infringing product. The Federal Circuit dismissed the action against the seller for lack of personal jurisdiction because the seller never sold the alleged infringing products in the forum and, therefore, could not satisfy the "arising out of" prong of the three-prong *Burger King* test. *Id.* at 336-37. Similarly, LTI has never sold any allegedly infringing products in Delaware and cannot be subject to specific personal jurisdiction.

### B. LTI Is Not Subject To Personal Jurisdiction Under A "Stream Of Commerce" Theory Of Specific Jurisdiction.

In *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980), the Supreme Court held that the presence of the defendant's products in the forum alone was not constitutionally sufficient to establish personal jurisdiction. The Court held that a Volkswagen dealer from New York was not subject to personal jurisdiction in Oklahoma (the forum of the accident) because the purchaser's driving of the car through Oklahoma could not create jurisdiction. *Id.* The Court reasoned that "the mere unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Id.* at 298. Following the holding of *World-Wide Volkswagen*, the unilateral act of any person who might have brought

LTI's products to Delaware is not sufficient to create jurisdiction even if it was foreseeable that the products might find their way to Delaware. *Id.* at 295.

LTI manufactures automotive lamp venting products, including its Yellow-76 vents, for use as component parts in automotive lamps. Tapp. Decl., ¶5. The automotive lamps are subsequently sold to automotive manufacturers for use in automobiles. Tapp. Decl., ¶5. The component parts sold by LTI have no other purpose. Tapp. Decl., ¶5. LTI does not sell any of its products, including the allegedly infringing product, in Delaware. Tapp Decl., ¶¶16-17. LTI does not have any distributors in Delaware. Additionally, LTI does not have any officers, agent, or assets in Delaware, does not advertise in Delaware, and does not maintain a website through which its products could be sold to Delaware residents. Tapp Decl., ¶¶16-17.

The facts in this case are analogous to *Adell Corp. v. Elco Textron, Inc.*, 51 F. Supp. 2d 752 (N.D. Tex. 1999). In *Adell*, the defendant manufactured components for General Motors for use in its spare tire theft deterrent systems on certain pickup trucks. The court declined to exercise personal jurisdiction under a stream of commerce theory since the defendant's shipment of parts to General Motors for use in conjunction with other parts that were eventually shipped to the forum state did not constitute purposeful minimum contacts with the forum state. *Id.* at 755. In distinguishing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994), the court found that defendant to be another step removed since it did not use an intermediary to sell products in the forum state. *Id. See also Cree, Inc. v. Bridgelux, Inc.*, 2007 WL 3010532, at *5 (M.D.N.C. July 5, 2007) (declining to exercise personal jurisdiction over a component manufacturer); *Davlyn Mfg. Co. v. H&M Auto Parts, Inc.*, 414 F. Supp. 2d 523, 531 (E.D. Pa. 2005) (holding that "defendant does not purposefully direct his activities at a forum state merely by selling a component part to a nationwide distributor of home appliances with the awareness that appliances containing the defendant's product may ultimately be sold in the forum state"). In

the instant case, LTI is even a further step removed from the *Adell* defendant since it ships its component product for use in automotive lamps that are then placed in automobiles and then shipped for sale. This is far too removed to be considered purposeful minimum contacts under the stream of commerce theory. Accordingly, LTI should not be subjected to personal jurisdiction in Delaware.

Since LTI does not have any contacts with Delaware, Plaintiffs cannot establish specific jurisdiction under the due process requirements of the Constitution. Due process requires that a defendant have certain minimum contacts with the forum state in order for the Court's exercise of personal jurisdiction not to offend traditional notions of fair play and substantial justice. *Red Wing Shoe Co., v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998). Subjecting LTI to jurisdiction in Delaware would offend traditional notions of fair play and substantial justice.

### IV. LTI DOES NOT HAVE "CONTINUOUS AND SYSTEMATIC" CONTACTS WITH DELAWARE NECESSARY TO ESTABLISH GENERAL JURISDICTION.

Plaintiffs have not alleged that the Court has general jurisdiction over LTI as a result of its contacts with Delaware[3]. General jurisdiction exists only where the defendant has carried on "continuous and systematic" business activities in the forum state. *Red Wing Shoe,* 148 F.3d at 1359 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-16 (1984)). The threshold level of minimum contacts sufficient to confer general jurisdiction "requires a higher level of activity than the exercise of specific jurisdiction." *U.S. v. Consol. Rail Corp.,* 674 F. Supp. 138, 145 (D. Del. 1987) (citing *Keeton v. Hustler Magazine,* 465 U.S. 770, 779, 104 S.Ct. 1473, 1480 (1984)). "Random, fortuitous, or attenuated contacts do not count in the minimum contacts calculus." *Red Wing Shoe Co.,* 148 F.3d at 1359.

---

[3] As noted above, Plaintiffs have not identified their basis for LTI being subjected to personal jurisdiction in Delaware.

Plaintiffs cannot establish general jurisdiction over LTI because LTI does not have any "continuous and systematic" activities within Delaware. In *Hockerson-Halberstadt*, 62 Fed. Appx. at 337, the Federal Circuit held that the plaintiff could not establish general jurisdiction over a patent infringement defendant that had more contacts with the forum than LTI. The seller of the allegedly infringing product never operated any warehouse locations in the forum state, had no bank accounts, property, offices, inventory, sales records, agents or employees in the forum state, and was not registered to do business in the forum state. *Id.* The defendant's only activities in the forum state were its online sales totaling $32,252.32. *Id.* The Federal Circuit held that these contacts were not sufficiently "continuous and systemic" to permit a finding of general jurisdiction. *Id.* The court also held that jurisdiction based on the defendant's online sales would offend fair play and substantial justice by "render[ing] established jurisdictional boundaries meaningless." *Id.* at 338. LTI's contacts with Delaware are even less than the defendant in *Hockerson-Halberstadt* because it has no sales or shipments in Delaware.

As demonstrated above, LTI does not maintain any contacts with Delaware. Consequently, Plaintiffs cannot show LTI has "continuous and systematic" contacts with Delaware necessary to justify the assertion of general personal jurisdiction. The lack of necessary contacts relevant to this theory of personal jurisdiction includes:

- LTI has never employed any officers, employees or agents in Delaware except for an attorney in connection with his defense of the claims related to this litigation. Tapp Decl., ¶9.

- LTI has never sold any products to any distributor or individual in Delaware. Tapp Decl., ¶10.

- LTI has never directly shipped any products to Delaware. Tapp Decl., ¶11.

- LTI has never targeted any advertising to Delaware. Tapp Decl., ¶12.

- LTI has never been licensed to do business in Delaware. Tapp Decl., ¶13.

- LTI has no plans to specifically target Delaware customers. Tapp Decl., ¶14.

- LTI has never had an agent for service of process in Delaware. Tapp Decl., ¶15.

- LTI has not entered into any contracts in Delaware. Tapp Decl., ¶16.

- LTI has never leased or owned property in Delaware. Tapp Decl., ¶17.

- LTI has never maintained in office, facility or telephone listing in Delaware. Tapp Decl., ¶18.

- LTI has never had a bank account in Delaware. Tapp Decl., ¶19.

- LTI maintains a website at www.ltiatlanta.com available to anyone with access to the World Wide Web. The website does not allow for product ordering and is merely an informational website for LTI and its products. Tapp Decl., ¶20.

- LTI has never paid any taxes or franchise fees in Delaware. Tapp Decl., ¶21.

These facts demonstrate that LTI does not have any contacts with Delaware to support a finding of general jurisdiction. Consequently, subjecting LTI to general jurisdiction in this Court would offend due process.

## CONCLUSION

For the foregoing reasons, LTI respectfully requests that the Court dismiss Plaintiffs' Complaint against LTI for lack of personal jurisdiction.

OF COUNSEL:

John A. Kenney
Michael D. McClintock
Charles L. McLawhorn, III
McAfee & Taft
Two Leadership Square, 10th Floor
211 North Robinson
Oklahoma City, Oklahoma   73102

Dated: April 16, 2008

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger PA
One Rodney Square
Post Office Box 551
Wilmington, Delaware   19801
Phone:  (302) 651-7700
cottrell@rlf.com
gaza@rlf.com

*Attorneys for Defendant Label Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th of April, 2008, I caused to be hand delivered the foregoing document on counsel below and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Rodger D. Smith
> Morris, Nichols, Arsht & Tunnell, LLP
> Chase Manhattan Centre, 18th Floor
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, Delaware 19899-1347

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
gaza@rlf.com