IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| W. L. GORE & ASSOCIATES, INC. and GORE ENTERPRISE HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LABEL TECHNOLOGIES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 08-111-GMS |

## MEMORANDUM

### I. INTRODUCTION

On February 22, 2008, plaintiffs W. L. Gore & Associates, Inc. and Gore Enterprise Holdings, Inc. (collectively "Gore") filed this action alleging infringement of U.S. Patent No. 6,210,014 B1 ("the '014 Patent") against defendants Label Technologies, Inc. ("LTI") and Valeo-Sylvania L.L.C. ("Valeo"). (D.I. 1.) On June 17, 2008, Gore voluntarily dismissed their claims against Valeo. (D.I. 17.) Presently before the court is LTI's motion to dismiss for lack of personal jurisdiction (D.I. 10.) and Gore's subsequent request for jurisdictional discovery (D.I. 13.) For the reasons stated below, the court will deny LTI's motion.

### II. BACKGROUND

LTI is a corporation organized and formed under the laws of the state of Georgia. (D.I. 11 at 2.) Its principal place of business is located in the state of Georgia. (*Id.*) LTI is a specialty manufacturer that manufactures and sells, among other things, vents for motor vehicle lamps. (*Id.*) LTI has never operated an office in Delaware. (*Id.* at 3.) LTI also is not licensed to conduct business in Delaware, and has never had any officers or employees in Delaware. (*Id.* at 3.) LTI manufactures and sells its "Yellow-76" brand automotive lamp vents to Valeo. (D.I. 11

at 2.) Valeo is a Delaware limited liability company with offices in Indiana. (D.I. 13 at 1.) It is a parts supplier to the automotive industry. (*Id.* at 1.) Specifically, Valeo provides component parts and related services directly to automobile assembly plants. (*Id.* at 1.)

Gore is a Delaware corporation with its principal place of business in the State of Delaware. (D.I. 1 at 2.) It is also the owner of the '014 Patent. (*Id.*) The '014 Patent relates to a system for reducing condensation in enclosed lamp housings.[1] (D.I. 13 at 2.) Gore manufactures and, likewise, sells its automotive vents to Valeo. (*Id.* at 1.) Specifically, from May 2006 to October 2007, Gore sold its vents to Valeo for use in the manufacturing and installation of headlamps for the Dodge Durango and Chrysler Aspen vehicles in Delaware. (*Id.* at 1-2.) In November 2007, however, Valeo stopped purchasing Gore's vents for use in the Dodge Durango and Chrysler Aspen headlamps, and, instead, began purchasing vents from LTI. (*Id.* at 2.) The vents Valeo purchased from LTI included LTI's Yellow-76 vents. (*Id.* at 2.) In this suit, Gore alleges that LTI has induced infringement of the '014 Patent by manufacturing, using, and selling the Yellow-76 vents for incorporation into motor vehicle lamps. (D.I. 1 at 3.)

### III. PARTIES CONTENTIONS

LTI seeks to dismiss this action for lack of personal jurisdiction under Delaware's long-arm statute and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (D.I. 11 at 1.) Specifically, LTI contends that personal jurisdiction is lacking in this case because, among other things, it has never manufactured, sold, or shipped Yellow-76 vents to Delaware, and, otherwise, has no direct contacts with Delaware. (D.I. 11 at 7-8.) LTI further contends that it has never "purposely" directed any action towards Delaware and,

---

[1] Gore manufactures thousands of advanced technology products that use polytetrafluroethylene ("PTFE"). (D.I. 13 at 1.) The products at issue in this case are vents that Gore makes from expanded PTFE. (*Id.*)

therefore, could not reasonably foresee that it would be called to defend an action in a Delaware court. (*Id.* at 1.)

On the other hand, Gore contends that this court's exercise of personal jurisdiction over LTI is proper under §§ 3104(c)(1) and (c)(4) of Delaware's long-arm statute and the requirements of the Due Process Clause. Specifically, Gore maintains that since LTI's Yellow-76 vents are installed into automobiles manufactured at Chrysler's assembly plant here in Delaware, LTI should have reasonably anticipated being called to defend an action in a Delaware court. (D.I. 13 at 12.)

## IV. STANDARD OF REVIEW

LTI moves to dismiss the complaint for lack of personal jurisdiction. "Rule 12(b)(2) of the Federal Rules of Civil Procedure requires a court to dismiss a case when the court lacks personal jurisdiction over the defendants." *E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates*, 197 F.R.D. 112, 119 (D. Del. 2000). There are two types of personal jurisdiction that a court may have: general jurisdiction and specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). A defendant is subject to general jurisdiction in the forum state when the defendant has continuous and systematic contacts with the forum state, irrespective of whether the defendant's contacts are related to the particular cause of action. *Id.* at 414. A defendant may also be subject to specific jurisdiction "if the cause of action 'arises out of' or 'relates to' the defendant's in-state activity." *Breckenridge Pharm., Inc. v. Metabolite Laboratories, Inc.*, 444 F.3d 1356, 1360-61 (3d Cir. 2006) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). In determining whether specific jurisdiction exists, courts engage in a two step analysis. *Id.* at 1361. First, the state long-arm statute must permit service of process on the defendant. *Id.* (citing Fed. R. Civ. P. 4(e),

3

4(k)(1)(A)). Second, if jurisdiction is proper under the long-arm statute, the court must then determine whether exercising jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment. *See Transporte Aeros de Angola v. Ronair, Inc.*, 544 F. Supp. 858, 865 (D. Del. 1982) (noting the "intent of the legislature to exercise jurisdiction over non-residents whenever feasible").

In determining the jurisdictional question, the court must accept as true the allegations in the complaint. *See Altech Indus., Inc. v. Al Tech Specialty Steel Corp.*, 542 F. Supp. 53, 55 (D. Del. 1982). The plaintiff bears the burden of alleging facts sufficient to make a *prima facie* showing of personal jurisdiction over the defendant. *See ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270-71 (D. Del. 2001). To meet this burden, the plaintiff must adduce facts which "establish with reasonable particularity" that jurisdiction over the defendant exists. *Id.* (quoting *Joint Stock Soc'y v. Heublein, Inc.*, 936 F. Supp. 177, 193 (D. Del. 1996) (internal quotations omitted).

## V.  DISCUSSION

### A.  Delaware's Long-Arm Statute

The first step in the court's analysis is to determine whether any of the provisions of Delaware's long-arm statute, Del. Code Ann. tit. 10 § 3104, warrant the exercise of jurisdiction over LTI. Gore maintains that the conduct of LTI satisfies the requirements of subsections (c)(1) and (c)(4) of the long-arm statute, under a stream of commerce theory. That is, this court may exercise jurisdiction over LTI because LTI placed the alleged infringing product into the "stream of commerce" knowing that its product would be installed into vehicles at Chrysler's plant in Newark, Delaware.

Under subsection (c)(1), the court may exercise jurisdiction over a nonresident or agent of a nonresident who "transacts any business or performs any character of work or service in the State." Del. Code Ann. tit. 10 § 3104(c)(1). Subsection (c)(4) gives the court the authority to exercise jurisdiction over a nonresident or agent of a nonresident who "causes tortious injury in the State or outside of the State by an act or omission outside of the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." Del. Code Ann. tit. 10 § 3104(c)(4). Moreover, Delaware courts construe the long-arm statute broadly to confer jurisdiction to the maximum extent possible, so as to "provide residents a means of redress against those not subject to personal service within the state." *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156-57 (Del. Super. 1997). As a result, Delaware courts have held that personal jurisdiction is proper under the Delaware long-arm statute under a stream of commerce theory resulting from only "partial satisfaction" of §§ 3104(c)(1) and (c)(4).[2] *See Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 371-72 (D. Del. 2008) ("The stream of

---

[2] For example, one Delaware court explained that the proper inquiry is whether a defendant whose product reaches Delaware through the "stream of commerce" intended to serve the Delaware market:

> [O]ne must take great care not to over emphasize §§ 3104(c)(1) or (c)(4) under this analysis. It is not important that the indicia of activity under § 3104(c)(4) rise to a level of "general presence" as usually required. Instead, the enumerated activities in this section should be analyzed to determine *whether there is an intent or purpose on the part of the manufacturer to serve the Delaware market with its product.* Likewise, when analyzing § 3104(c)(1) it is not important that the manufacturer itself act in Delaware. Instead, *if the intent or purpose on behalf of the manufacturer to serve the Delaware market results in the introduction of the product to this State and plaintiff's cause of action arises from injuries caused by that product, this section is satisfied.*

*Boone*, 724 at 1158 (emphasis added).

5

commerce is premised on the idea that a non-resident that places its product in the marketplace may, under certain circumstances, be found to have sufficient contacts for jurisdictional purposes with any state in which its product ends up.") (quotations omitted).

Here, after having considered the parties' submissions and the applicable law, the court finds that its exercise of personal jurisdiction over LTI pursuant to Delaware's Long Arm Statute is proper. Specifically, accepting the allegations of the complaint as true, the court is satisfied that LTI manufactured and sold its Yellow-76 vents with the intent and purpose to serve the State of Delaware. For one thing, LTI admits that it sold the vents at issue to Valeo and that Valeo incorporated LTI's vents into automotive headlamps, specifically for use in the Dodge Durango and Chrysler Aspen. Second, there is no dispute that the Dodge Durango and Chrysler Aspen, equipped with LTI's vents and Valeo's headlamps, were manufactured at Chrysler's manufacturing plant in Newark, Delaware. Given these facts, the court finds it difficult to accept that LTI did not have the intent and purpose to serve the Delaware market. Therefore, the alleged injuries resulting from LTI's introduction of the Yellow-76 vents into the Delaware market are sufficient to permit a Delaware court to exercise jurisdiction over LTI under sections 3104(c)(1) and (c)(4) of title 10 of the Delaware Code. Indeed, LTI could have reasonably anticipated that it may be called to defend an action in a Delaware court.

**B.   Due Process**

Having found that the exercise of jurisdiction is proper under Delaware's long-arm statute, the court must determine whether jurisdiction comports with the requirements of constitutional due process. To satisfy the due process prong of the jurisdictional analysis, the court must find the existence of "minimum contacts" between the defendant and the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation omitted). Specifically, Gore must show that LTI "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Due process, therefore, requires the court to consider whether it would be unreasonable for the court to assert jurisdiction under all the facts and circumstances.

In this case, the court finds that it is not unreasonable for it to exercise jurisdiction over LTI. Indeed, Delaware's interest in this dispute is significant. That is, Delaware has an important interest in discouraging injuries that occur within the state, which extends to patent infringement actions. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994). In addition, this interest is not outweighed by the burden on LTI of litigating this action in Delaware. *See World-Wide Volkswagen*, 444 U.S. at 286, 294 (1980) (holding a state's interest in discouraging injuries within the state is not outweighed by a defendants burden of defending itself in that state since progress in communications and transportation has made the defense of a lawsuit in a foreign court less burdensome). As a result, the court concludes that it is not unreasonable to assert jurisdiction over LTI.

## VI.   CONCLUSION

For the foregoing reasons, the court will deny LTI's motion to dismiss for lack of personal jurisdiction (D.I. 10.) The court will also deny as moot Gore's request for jurisdictional discovery. (D.I. 13.)

Dated: May 15, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| W. L. GORE & ASSOCIATES, INC. and GORE ENTERPRISE HOLDINGS, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C.A. No. 08-111-GMS<br>) |
| LABEL TECHNOLOGIES, INC., | )<br>) |
| Defendant. | ) |

### **ORDER**

For the reasons stated in the court's Opinion of this same date, IT IS HEREBY ORDERED THAT:

    1.    LTI's motion to dismiss for lack of personal jurisdiction (D.I. 10.) is DENIED.

Dated: May 15, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE